## Wabash, St. Louis and Pacific Railway Company
## v.
## Henry Wolff.

1. Injury on railroad platform—Liability.—If a railroad company sets a passenger down upon a platform used by it in common with another company at their intersection, and while such passenger is preparing to take passage on the other road, he receives an injury by reason of some carelessness in providing proper safeguards or lights, he is not bound to inquire into the ownership of the platform, but may proceed against the company that brought him there and set him down upon the platform.

2. Argumentative instruction.—The first instruction is argumentative in that it calls special attention to certain alleged facts which are, in themselves, only circumstances calculated to throw light upon the transaction, and not material to the action. The right of action is not in any manner affected by the circumstance that the accident occurred in the night rather than in the day time, if in other respects a cause of action is shown.

3. Instructions—Duty of the court and jury.—It is incumbent upon the court to declare as a matter of law, the rule of duty which shall govern persons and corporations in their transactions with each other, and not to leave it to the jury. It is then the duty of the jury to determine from the evidence whether the rule has been violated to another's injury.

Appeal from the Circuit Court of Morgan county; the Hon. C. Epler, Judge, presiding. Opinion filed September 21, 1882.

Messrs. Brown, Kirby & Russell, for appellant; that the relation of passenger and carrier did not exist between the parties at the time of the injury, cited Imhoff v. C. M. R'y Co. 20 Wis. 344; Gordon v. G. St. & N. R. Co. 40 Barb. 546; Gillis v. Penn. R. R. Co. 59 Penn. 129.

If the court assumes to direct the attention of the jury to the facts it should refer them to all the facts, so as to present the case fairly for both parties: C. B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; Evans v. George, 80 Ill. 514.

Instructions should not assume the existence of controverted facts: Russell v. Minteer, 83 Ill. 150; Small v. Brainard, 44 Ill. 355; Bond v. The People, 39 Ill. 26; Steer v. The City, etc., 41 Ia. 353; Siebert v. Leonard, 21 Minn. 442; N. J. Life Ins.

Co. 94 U. S. 610; Snyder v. The State, 59 Ind. 105; Peck v. Ritchey, 66 Mo. 114.

Where a party manifests his intention to become a passenger, any slight acts of recognition on the part of the company will signify its acceptance of the relation: Gordon v. Grand St. R. R. Co. 40 Barb, 546; Hutchinson on Carriers, §§ 556, 558; Allender v. C. R. I. & P. R'y Co. 37 Ia. 264.

Messrs. KETCHAM & HATFIELD, for appellee; that no motion in arrest of judgment should be entertained after a demurrer to the declaration, cited Edwards v. Blunt, 1 Strang, 426; Cresswell v. Packham, 6 Taunton, 650; 2 Tidd's Practice 917, 855; Rouse v. Peoria Co. 2 Gilm. 99.

Instructions for both parties must be taken together; if they state the law correctly, an error which may appear in one series will be deemed corrected by the other: Lawrence v. Hagerman, 56 Ill. 68; City of Aurora v. Gillett, 56 Ill. 132; Lundt v. Hartmuft, 41 Ill. 9; Walker v. Collier, 37 Ill. 362; Toledo, W. & W. R'y Co. v. Ingraham, 77 Ill. 309; Estey v. Snyder, 41 Ill. 363; Gilchrist v. Gilchrist, 76 Ill. 281; Latham v. Roach, 72 Ill. 179; Murphy v. The People, 37 Ill. 447; Kennedy v. The People, 40 Ill. 488; Howard F. and M. Ins. Co. v. Cornick, 24 Ill. 455; Warren v. Dickson, 27 Ill. 115; Kennedy v. The People, 40 Ill. 488; Morgan v. Peet, 32 Ill. 281; Van Buskirk v. Day, 32 Ill. 281; Durham v. Goodwin, 54 Ill. 469; Warren v. Dickson, 27 Ill. 115.

Where substantial justice has been done, a verdict should not be disturbed for error in instructions: Newkirk v. Cone, 18 Ill. 449; Elam v. Badger, 23 Ill. 498; Kendall v. Brown, 86 Ill. 387; Hiner v. Jeanpert, 65 Ill. 428; New Eng. F. & M. Ins. Co. v. Wetmore, 32 Ill. 221; Parker v. Fisher, 39 Ill. 164; Dishon v. Schorr, 19 Ill. 59.

McCULLOCH, P. J. We do not understand this suit to be brought for any breach of duty on the part of appellant toward appellee while the relation of carrier and passenger existed between them. It is true the declaration avers that appellee had, previous to the accident, been a passenger on

appellant's train from Quincy to Chapin, but this averment we understand to be made only by way of inducement to show that appellee was not a trespasser, but that he was lawfully upon appellant's platform at the time he met with the accident, and that appellant owed him the duty of providing him a safe platform while lawfully there. This being so, it follows that appellant owed him no greater duty than it did to any other person lawfully there in the transaction of business with the company as the operator of a railroad. In such case, the company is only bound to exercise reasonable care in constructing and maintaining its platform in a safe condition. Hutchinson on Carriers, Sec. 553.

The question, therefore, does not arise in the case, whether or not the relation of carrier and passenger had ceased to exist at the time appellee received his injuries, and appellant's instructions prayed for, but refused by the court, were properly refused.

It appears from the evidence that at Chapin, where the injury sued for was received by appellee, appellant's road crosses the Chicago, Burlington and Quincy railroad at nearly right angles; that the station house is occupied in common by both companies, with this exception, that each one has a separate room for the sale of tickets, but the waiting rooms where the passengers receive their tickets are used in common; that this station house is situated in the southwest angle and near the point of intersection of the two roads; that wide platforms extend along its east and north sides and a narrow platform on its west side; that from the point of junction between that on the west and that on the north the latter extends some distance to the west, leaving an open space in their southwesterly angle. These platforms are between three and four feet from the ground.

When the train upon which appellee was a passenger arrived at Chapin, he alighted and went into the waiting room of the station house and made an effort to purchase a ticket on the C. B. & Q. road to Beardstown, supposing that the train for that place would soon arrive. On presentation of a large bill to the ticket seller the latter was unable to make

the change, and directed appellee to a place near by, where change could be procured. This required him to go along the north platform, in doing which, he fell into the angle of the two platforms before mentioned, and received the injury complained of. The acts of negligence complained of are a failure on the part of appellant to provide and maintain suitable, proper and safe platforms and guards thereon, and approaches to its station house, or to keep the same properly lighted by night.

There is some evidence tending to show that the station house and platform were owned by the C. B. & Q. company, but this fact can not relieve appellant from the duty of exercising reasonable care to see that all the platforms used by it in common with the former company are reasonably safe for all persons having occasion to use the same in going to or coming from the trains of either company or in transacting their business with the same. This is a duty which both companies owe to the public. While appellee was making preparations to take the C. B. & Q. train he was lawfully on the platform in question, whether he had ceased to be a passenger upon appellant's road and had become one on the C. B. & Q. or not. If a railroad company sets a passenger down upon a platform used by it in common with another company at their intersection, and while such passenger is preparing to take passage on the other road he receives an injury by reason of some carelessness in providing proper safeguards or lights, he is not bound to inquire into the ownership of the platform, but may proceed against the company that brought him there and set him down upon it. We are unable, therefore, to see that appellant has been injured by the modification of the instructions prayed for on its behalf. W. St. L. & P. R'y Co. v. Peyton, 106 Ill. 534.

. The instructions given on behalf of appellee are not so satisfactory. The first one is very long and, after telling the jury that if they believe from the evidence that many of the foregoing facts existed, proceeds as follows: "and (if they believe from the evidence) that within a few minutes after he so alighted, and while he was on the platform of defendant,

using and exercising due care and caution, he fell from said platform and received the injuries alleged in said declaration, between seven and nine o'clock at night, while it was very dark, and that such injuries resulted from the neglect of said defendant to provide and maintain suitable and safe platforms and guards thereon and approaches to said station house, and to properly light said platforms, and that said platform was so constructed as to be between three and four feet above the ground at the place where plaintiff so fell off, and so as to be dangerous, unsafe and insecure, then in such case it will be the duty of the jury to find their verdict for the plaintiff, Henry Wolff, and assess the damages at such sum as they may believe from the evidence the plaintiff has sustained, not to exceed the sum of ten thousand dollars, the amount claimed in the declaration herein."

The first objection to be noted to the latter part of this instruction is that it becomes argumentative by calling special attention to certain alleged facts, which are, in themselves, only circumstances calculated to throw light upon the transaction and not material to the cause of action. For instance, special attention is called to the fact that the occurrence took place between seven and nine o'clock at night while it was very dark, facts which are undisputed, and which were not at all material to the issue. The fact that the night was dark might be a circumstance tending to excuse what might have been regarded as an act of negligence on the part of appellee if the occurrence had taken place in broad day light, or to impose upon appellant the duty of greater care and watchfulness on its part. But the rule of law as to appellant's liability is the same whether the accident happened in the day time or at night. The first question to be determined was whether the plaintiff was in the exercise of ordinary care in respect to his own safety when all the surrounding circumstances were considered, and if so, then were his injuries occasioned by a want of reasonable care on the part of the defendant. The fact that the accident occurred in the night time may have thrown light upon the actions of the parties, and the evidence upon that subject was proper for the consideration of the jury in

determining the relative degrees of care taken by the respective parties at that time; but the right of action is not in any manner affected by the circumstance that the accident occurred in the night rather than in the day time, if in other respects a cause of action is shown.

This objection to the first instruction is rendered more prominent by a clause which follows, namely: " and that said platform was so constructed as to be between three and ·four feet above the ground at the place where plaintiff so fell off, and so as to be dangerous, unsafe and insecure," etc. This part of the instruction not only pointed out that the construction of the platform three or four feet above the ground was a prominent fact in the case, but it also, in effect, told the jury that such a construction rendered it dangerous, unsafe and insecure, thus invading the province of the jury.

A second objection to this instruction, and it has already been alluded to, is, that it undertakes to inform the jury that certain acts or omissions on the part of appellant constituted negligence. Culpable negligence in this case is a want of ordinary care. The jury should have been instructed as to the measure· of appellant's duty, and then they should have been left to apply the rule to the facts proved and to determine for themselves whether or not appellant had been guilty of negligence. Instead of this the jury were instructed, in effect, that if they believed from the evidence that " such injuries resulted from the neglect of said defendant to provide suitable and safe platforms and guards thereon and approaches to said station house, and to properly light the said platforms," etc. Nothing can be plainer than that this clause was capable of being interpreted to mean that a failure to provide suitable and safe platforms and guards, and approaches and lights were acts of culpable negligence. But the vice of this part of the instruction consists in the fact that it leaves the jury free to fix the rule of appellant's duty as well as to apply the rule to the evidence. Being left to fix their own standard of duty they might say that appellant was bound to provide platforms so absolutely safe and secure, and to have them so lighted that not even the most careless or drunken person

might fall therefrom.   It is incumbent upon the court to declare, as a matter of law, the rule of duty which shall govern persons and corporations in their transactions with each other, and not to leave it to the jury.   Then it is the duty of the jury to determine from the evidence whether the rule has been violated to another's injury.   This is our understanding of what is meant, when it is said that negligence is a question of fact to be found by the jury.

The second instruction given on the part of appellee is faulty in the second particular mentioned above as applicable to the first, while the third is subject to all the objections we have urged against the first.

The fourth instruction imposes upon appellant the duty of so lighting its platform and station house as to enable persons unacquainted with the premises, but lawfully there, to use them without danger to life and limbs by the use of due care. The rule, as thus laid down, might well be understood by the jury as requiring the platforms and station houses to be so lighted as to be absolutely free from all danger from a want of sufficient light.   This would require a duty of appellant not imposed on it by law.

It is true, if the jury paid proper attention to some of the instructions given on the part of appellant, they need not have been misled by some of those given for appellee; but viewing them together as an entire series, we are of the opinion the jury were not instructed with sufficient accuracy to insure a fair trial of the case.   For these reasons the judgment of the court below will be reversed and the cause remanded.

We call the attention of counsel to the fact that the abstract in this case, although printed neatly and in legible type, is not prepared according to the rules of this court.   It is printed on both sides of the paper and is without sufficient marginal references to the pages of the record.

Judgment reversed and remanded.